**SO ORDERED.**

**SIGNED this 07 day of January, 2009.**



_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re:                                )
                                      )
JOHN L. SIMS,                         )     Case No. 08-41668-7
                                      )
                        Debtor.       )
_____)

### MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S MOTION
### FOR ADDITIONAL TIME TO SUBMIT CREDIT COUNSELING CERTIFICATE

This matter is before the Court on the Debtor's Motion for Additional Time to Submit Credit Counseling Certificate as Required by 11 U.S.C. § 109(h).[1] For the reasons set forth below, the Court finds that Debtor is not required to comply with the credit counseling requirements set forth

---

[1] Doc. 15.

in 11 U.S.C. § 109(h)[2] and, therefore, denies this motion as moot. This is a core proceeding[3] over which the Court has jurisdiction.[4]

## I. FINDINGS OF FACT

On November 3, 2008, an Involuntary Bankruptcy Petition was filed against Debtor in this case. The Petition was not contested and the Order for Relief was entered on November 25, 2008. On December 29, 2008, Debtor filed the current motion; it seeks to extend the deadline to obtain the credit counseling typically required by § 109(h). Because this is an involuntary proceeding filed by Debtor's creditors, Debtor claims it was impossible for him to have complied with the requirements of § 109(h) prior to the filing of the petition, and that the Court should extend the deadline in order to allow him to comply.

## II. CONCLUSIONS OF LAW

Debtor filed this motion seeking an extension of time to comply with the pre-petition credit counseling requirements found in § 109(h). That section states, in pertinent part:

> ...an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of the filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities available for credit counseling and assisted such individual in performing a related budget analysis.[5]

---

[2]This case was filed after October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") became effective. All future statutory references are thus to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. §§ 101-1532 (2005), unless otherwise specifically noted.

[3]28 U.S.C. § 157(b)(2)(A).

[4]28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1).

[5]11 U.S.C. § 109(h)(1).

2

There are certain express exceptions to the pre-petition credit counseling requirements, including for:

1. Debtors who reside in a district where the United States trustee determines that the approved nonprofit budged and credit counseling for such district are not able to provide adequate services to those individuals who would otherwise seek credit counseling;[6]

2. Debtors who certify to the court that exigent circumstances exist that the court believes merits a waiver of the credit counseling requirement and that Debtor requested credit counseling services from an approved agency, but was unable to obtain the counseling services within the 5-day period beginning on the date Debtor made that request;[7] and

3. Debtors who the court finds, after notice and hearing, are unable to complete the credit counseling requirements because of incapacity, disability, or active military duty in a military combat zone.[8]

Debtor claims that it is impossible for debtors in involuntary bankruptcy cases to comply with the credit counseling requirements prior to the filing of the petition, and that none of the exceptions to the requirements apply under the facts of this case. Therefore, Debtor has requested an extension of the deadline to obtain credit counseling so that he can now complete the course and be in a position to ultimately receive a discharge, if he eligible to do so.

Although the Court generally agrees that it would typically be impossible for debtors in involuntary cases to comply with § 109(h), unless they happen to be planning their own voluntary bankruptcy and happen to obtain the counseling within the 180 day period prior to the filing of the involuntary petition by creditors, the Court finds the prayer for relief sought by Debtor is moot because the § 109(h) credit counseling requirements are inapplicable in this involuntary proceeding.

---

[6] 11 U.S.C. § 109(h)(2)(A). Kansas is not such a district, so this exception is not applicable in this case.

[7] 11 U.S.C. § 109(h)(3)(A).

[8] 11 U.S.C. § 109(h)(4).

3

Several courts have addressed the issue in this case—whether the credit counseling requirements found in § 109(h) apply to a debtor in an involuntary bankruptcy proceeding. In *In re Oberle*,[9] the debtor in an involuntary case sought dismissal of the petition on the basis that he was not eligible to be a debtor because he had not obtained credit counseling within 180 days of the petition. The court held that requiring debtors in involuntary cases to comply with the requirements of § 109(h) would "totally obliterate the provisions of the Bankruptcy Code providing for involuntary bankruptcy relief against individual debtors."[10] The court then applied the maxim of statutory construction, *ut res magis valeat quam pereat*,[11] in interpreting § 109(h) to be inapplicable to individuals in an involuntary bankruptcy proceeding, so as to give effect to both § 109(h) and the provisions of the Code pertaining to involuntary proceedings.

In *In re Knight*,[12] where the debtor similarly sought dismissal of his involuntary petition for failure to comply with § 109(h), the court also found that § 109(h) is inapplicable to debtors in an involuntary bankruptcy proceeding based upon both the unambiguous statutory language and the legislative history behind the credit counseling requirement. The legislative history for BAPCPA provides an explanation for the pre-petition credit counseling requirement:

---

[9] 2006 WL 3949174 (Bankr. N.D. Cal. Dec. 21, 2006).

[10] *Id.* at *1.

[11] "To give effect to the matter rather than having it fail." Black's Law Dictionary (8th ed. 2004). This is a maxim of construction applied when alternative readings are possible, one of which achieves the purpose of the document, and one of which would reduce it to futility, whereby the interpreter chooses the one that gives effect to the document's purpose. *Id.*

[12] 2007 WL 4365592 (Bankr. M.D. Fla. Mar. 20, 2007).

4

> [BAPCPA] requires debtors to receive credit counseling before they can be eligible for bankruptcy relief so that they will make an informed choice about bankruptcy, its alternatives, and consequences.[13]
>
> Most importantly, [§ 109(h)] requires debtors to participate in credit counseling programs before filing for bankruptcy relief (unless special circumstances do not permit such participation). The legislation's credit counseling provisions are intended to give consumers in financial distress an opportunity to learn about the consequences of bankruptcy–such as the potentially devastating effect it can have on their credit rating–-before they decide to file for bankruptcy relief.[14]

Based upon this legislative history, requiring an involuntary debtor to participate in a pre-petition credit counseling session (even if possible), would not advance the policy behind § 109(h). Involuntary debtors are not in a position to make a voluntary and informed choice about whether to file for bankruptcy protection prior to filing their petition since they are not responsible for the filing.

Additionally, the court in *Knight* found that the specific statutory language in § 109(h) also precluded its application in involuntary cases. Section 109(h)(1) specifically states that pre-petition credit counseling must be completed within 180 days prior to the "filing of the petition <u>by such individual</u>."[15] "[T]he proper construction of the statute is that the credit counseling requirement applies only when the debtor is the party filing the bankruptcy petition."[16] In an involuntary case, the "individual" does not file the petition—it is filed by the creditors of the estate.[17] Therefore, the

---

[13]*Id.* at *1 (quoting H.R. Rep. No. 109-31, pt. 1, at 2 (2005), as reprinted in 2005 U.S.C.C.A.N. 88, 89).

[14]*Id.* (H.R. Rep. No. 109-31, pt. 1, at 18 (2005), as reprinted in 2005 U.S.C.C.A.N 88, 104).

[15]*Emphasis added.*

[16]*In re Allen*, 378 B.R. 151, 153 (Bankr. N.D. Tex. 2007). *See also In re Diloreto*, 2008 WL 141922, at *2 (Bankr. E.D. Pa. 2008).

[17]*See* 11 U.S.C. § 303(b).

statutory language of § 109(h) also supports a finding that the pre-petition credit counseling requirements are not applicable in an involuntary bankruptcy proceeding.

The Court adopts the reasoning of those cases holding that the pre-petition credit counseling requirements found in § 109(h) are not applicable to a debtor in an involuntary bankruptcy proceeding. Neither the statutory language nor the legislative history of that section of the Bankruptcy Code support a finding that an involuntary debtor should be required to take a credit counseling course to determine whether it is in the debtor's best interest to file a bankruptcy petition.

## III. CONCLUSION

Based upon the Court's finding that the § 109(h) pre-petition credit counseling requirements do not apply to this Debtor, because his is an involuntary bankruptcy proceeding, the Court denies Debtor's motion to extend the deadline to comply with the requirements of § 109(h), as moot.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Debtor's Motion for Additional Time to Submit Credit Counseling Certificate as Required by 11 U.S.C. § 109(h)[18] is denied as moot because Debtor is not required to comply with the requirements of 11 U.S.C. § 109(h) in this involuntary bankruptcy proceeding.

# # #

---

[18]Doc. 15.

6